UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LA FAMOSA, INC. d/b/a LA FAMOSA BAR; SILBERIO PERALTA; JOHN DOES 1-10; and ABC CORPS. 1-10,<br><br>Defendants. | Civ. Action No. 19-13025 (FLW)<br><br>ORDER |

**THIS MATTER** having been opened to the Court on the motion of Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") for entry of default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against Defendants La Famosa, Inc. d/b/a La Famosa Bar and Silberio Peralta (together, "Defendants"); it appearing that the Defendants have failed to oppose or otherwise file a response to the present motion; the Court, having reviewed the submissions of Plaintiff, pursuant to Rule 78 of the Federal Rules of Civil Procedure, makes the following findings:

**Procedural History**

1. On May 29, 2019, Plaintiff commenced the above-captioned action in this Court with the filing of a Complaint against Defendants, alleging violations of 47 U.S.C. §§ 605 and 553 and asserting claims for interference with prospective economic advantage and unlawful interference with contractual relations. [*See* Compl., ECF No. 1.] The Clerk of the Court issued a Summons on the same date. [*See* ECF No. 3.]

2. On July 9, 2019, Plaintiff effected service upon Defendant La Famosa Bar by delivering a copy of the Summons and Complaint to a person authorized to accept service on behalf of

1

the corporation (specifically a person by the name of "Lesandro Rodriguez"), pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. [*See* ECF No. 5.]

3. On July 25, 2019, Plaintiff effected service upon Defendant Peralta by leaving a copy of the Summons and Complaint at his dwelling house or usual place of abode (located at Monroe Township, New Jersey) with a person of suitable age and discretion then residing therein (specifically a person by the name of "Ely Rodriguez" and who was identified as Mr. Peralta's "wife"), pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure [*See* ECF No. 6.]

4. On September 18, 2019, the Clerk of the Court entered default against Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure by Defendants to file a responsive pleading or otherwise appear in this action.

5. As of the date of this Order, Defendants have still not responded to the Complaint or otherwise appeared in this action.

**Factual Background**[1]

6. Plaintiff is a distributor of sports and entertainment programming. [Compl. ¶ 23.] By contract, Plaintiff purchased the exclusive nationwide commercial distribution rights to broadcast the "Saul Alvarez v. Julio Cesar Chavez, Jr., Championship Fight Program" telecast nationwide on Saturday, May 6, 2017 (hereinafter the "Fight Program"). [Compl. ¶ 19; Gagliardi Aff. ¶ 3.] Pursuant to the contract granting Plaintiff its exclusive

---

[1] The following facts are drawn from Plaintiff's Complaint [*see* ECF No. 1] and the affidavit of Nicolas Gagliardi [*see* ECF No. 10-1], which Plaintiff attached to the present motion for default judgment. As a consequence of the entry of default against Defendants on September 18, 2019, and for purposes of deciding the instant motion for entry of default judgment, the Court accepts as true the factual allegations in Plaintiff's Complaint, other than those relating to the amount of damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 fn. 6 (3d Cir. 2005).

       distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Fight Program. [Compl. ¶¶ 20, 22; Gagliardi Aff. ¶ 3.] The interstate transmission of the Fight Program was encrypted and made available only to Plaintiff's customers, *i.e.*, commercial locations that paid Plaintiff the requisite closed-circuit (commercial) license fees to exhibit the Fight Program. [Compl. ¶¶ 21, 24-25; Gagliardi Aff. ¶ 9.]

7. Without the authorization of Plaintiff, Defendants unlawfully intercepted, received and exhibited the Fight Program at their commercial establishment, La Famosa Bar, a commercial establishment operated by Defendants, and located at 117 Remsen Avenue, New Brunswick, NJ 08901. [Compl. ¶¶ 7, 28-30; Gagliardi Aff. ¶ 3, Ex. B.] At no time did Defendants ever lawfully license the Fight Program from Plaintiff for such a purpose [Gagliardi Aff. ¶ 7.]

8. More specifically, the Fight Program was observed being unlawfully displayed at La Famosa Bar by investigator Ben Otano. [Gagliardi Aff., Ex. B at 1.] Mr. Otano observed the Fight Program on one of two televisions in the establishment, and he counted approximately seventy-five to eighty-three patrons while he was present (estimated capacity of the establishment was 100). [*Id*. at 2.] The cost to broadcast the Fight Program lawfully at the estimated capacity was $2,200.00. [*Id*. ¶ 8.]

## Legal Standard

9. The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008); *J&J Sports Prods., Inc. v. Old Bailey Corp.*, 2019 WL 4267856, at *1 (D.N.J. Sept. 9, 2019). Although cases are to be

decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Chanel*, 558 F. Supp. 2d at 535. In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id*. at 535-36 (citations omitted); *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 fn. 6 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

10. In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

## Discussion

### Jurisdiction and Procedural Prerequisites

11. The preliminary requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over Plaintiff's claim under 47 U.S.C. § 605. *See* 28 U.S.C. §

1331; *see also* 47 U.S.C. § 605(e)(3). In addition, Defendant Peralta's apparent residence in New Jersey and Defendant La Formosa Bar's alleged incorporation and commercial operations in New Jersey, as well as Plaintiff's service of process on both Defendants within the state of New Jersey, suffices for personal jurisdiction. [*See* Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6).] Defendants have not answered or otherwise responded to the Complaint, and default has been entered by the Clerk against them.

Legal Sufficiency of Claim

12. Plaintiff has also sufficiently stated a claim under 47 U.S.C. § 605.[2] That statute prohibits the unauthorized interception and publication of communications. 47 U.S.C. § 605(a). To prevail under 47 U.S.C. § 605, Plaintiff must demonstrate "that the defendants (1) intercepted a broadcast; (2) were not authorized to intercept the broadcast; and (3) showed the broadcast to others." *J & J Sports Prods., Inc. v. Edrington*, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012); *see also J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018). In addition, to hold an individual liable, *i.e.*, Defendant Peralta, Plaintiff must also demonstrate that Mr. Peralta had a "right and ability to supervise the violations, and . . . a strong financial interest in such activities." *Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *3 (D.N.J. Mar. 15, 2018) (quoting *J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008)).

13. Here, Plaintiff has properly alleged and/or provided proof of the above elements. Specifically, Plaintiff has alleged or sworn that it held the exclusive rights to distribute the Fight Program across the United States and did not sublicense the Fight Program to

---

[2] Plaintiff is not seeking judgment in the present motion on its other claims for violation of 47 U.S.C. § 553, for interference with prospective economic advantage, or for unlawful interference with contractual relations. Accordingly, the Court need not evaluate the legal sufficiency of those claims.

Defendants. [*See* Compl., ¶ 19; Gagliardi Aff. ¶ 7.] From this, it is appropriate to infer that Defendants lacked authorization to broadcast the Fight Program. Nevertheless, the Fight Program was observed being unlawfully displayed to others at La Famosa Bar by Plaintiff's investigator. [*See* Compl. ¶ 26, 28-30; Gagliardi Affidavit, Exhibit B.]

14. The predicates for imposing individual liability on Mr. Peralta are also met. Plaintiff has alleged that Mr. Peralta is the president, 100% owner, and registered agent of La Famosa Bar. [Compl. ¶¶ 8-9, 18.] Plaintiff alleges, therefore, that Mr. Peralta had a right and ability to supervise the interception of the Fight Program and a direct financial interest in the interception of the Fight Program, which resulted in income and profit to himself and La Famosa Bar. [Compl. ¶¶ 11-18.] Plaintiff also alleges that Mr. Peralta was the moving and active conscious force behind the operation, advertising, and promotion of La Famosa Bar. Under the circumstances, Mr. Peralta was an individual with a right and ability to supervise the operation of La Famosa Bar and maintained a financial interest therein. [*See* Compl ¶¶ 19-28; Gagliardi Aff. ¶¶ 3, 7 and Ex. B.]

## Discretionary Factors

15. The discretionary factors that must be considered also counsel in favor of granting the requested judgment. As Defendants have not appeared, they have not presented a meritorious defense. *Eastern Elec. Corp. of New Jersey v. Shoemaker Const*. Co., 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009) (stating that "[b]ecause [defendants] have not asserted *any* defense, they certainly have not asserted a meritorious defense.") (emphasis in original); Joe Hand Promotions, Inc. v. Candelaria Assoc. LLC, No. CV 16-9177 (JLL), 2017 WL 2304646, at *2 (D.N.J. May 25, 2017) (stating that, because "[t]he defendants have not responded to either the complaint or the motion, . . . they have waived the

opportunity to put forth evidence or facts containing information that would provide a basis for a meritorious defense"). In addition, as a practical matter, Section 605 is a strict liability statute. Thus, even if Defendants had appeared, given Plaintiff's uncontroverted evidence that the Fight Program was shown at La Famosa Bar [*see* Gagliardi Affidavit, Exhibit B], it is unlikely that Defendants would have been able to mount any defense to liability.

16. With respect to the prejudice factor, this factor is satisfied because if the Court does not grant default judgment, Plaintiff will be left without recourse against these Defendants. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018) (McNulty, J.); *Batra*, 2017 WL 838798, at *3 ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").

17. Finally, because Defendants were properly served and have not appeared [*see* ECF Nos. 3-4], their behavior is culpable. *See Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (stating that "[d]efendants' failure to respond permits the Court to draw an inference of culpability on their part") (citations omitted); *Surdi v. The Prudential Ins. Co. Of Am.*, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (stating that "[d]efendants are presumed culpable where they have failed to answer, move or otherwise respond.") (citation omitted).

Damages

18. With respect to damages, Section 605 permits a plaintiff to elect between actual and statutory damages. *See* 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If the plaintiff elects to seek statutory damages, it may recover no less than $1,000 and no more than $100,000, "as the court considers just." *Id*. § 605(e)(3)(C)(i)(II). Additionally, if the Court finds that the

statutory violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii).

19. Plaintiff has elected to seek statutory damages and requests $4,400 under 47 U.S.C. § 605(e)(3)(C)(i)(II)—*i.e.*, double the fee that Plaintiff paid to license the Fight Program. (*See* Moving Br. 10, 16, ECF No. 10-3.] Plaintiff also requests $10,000 under 47 U.S.C. § 605(e)(3)(C)(ii) for Defendants' alleged willfulness, which it refers to as "enhanced" damages. [*Id.* at 10, 24.] Plaintiff acknowledges that the Third Circuit has not established a formula for determining the appropriate amount of damages to be awarded for violations of Section 605, and, while registering its disagreement, concedes that courts in this district have looked to actual damages as the way to measure the appropriate amount of statutory damages to be awarded. [*See* Moving Br. 12, 15.] *See also Batra*, 2017 WL 838798, at *3 (noting that "[r]ecent cases within this district, however, conclude that an award of statutory damages pursuant to Section 605 should approximate actual damages; *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398 (D.N.J. Mar. 13, 2013) (Kugler, J.) (same); *J&J Sports Prods., Inc. v. Old Bailey Corp.*, 2019 WL 4267856 (D.N.J. Sept. 9, 2019) (Hayden, J.)

20. The Court finds persuasive the reasoning of Judge Kugler in *Waldron* and Judge Hayden in *Old Bailey*, both of which also involved motions for default judgment in actions seeking both statutory and enhanced damages from commercial defendants for unlawfully showing fight programs in a restaurants. Judges Kugler and Hayden both concluded that the statutory damages, like actual damages, serve only a compensatory function, and the

enhanced damages serve a deterrent function. *See Waldron* 2013 WL 1007398, at *6; *Old Bailey Corp.*, 2019 WL 4267856, at *3. Under the circumstances, statutory damages in the amount of the license fee that the defendants would owe to the plaintiff if they had properly licensed the program were appropriate. *Waldron,* 2013 WL 1007398, at *7; *Old Bailey*, 2019 WL 4267856, at *3. Other courts in this District have consistently done the same. *See, e.g.*, *Joe Hand Promotions, Inc. v. Laguna Lounge, LLC*, 2018 WL 314816, at *2 (D.N.J. Jan. 5, 2018); *Joe Hand Promotions, Inc. v. Candelaria Assocs., LLC*, 2017 WL 2304646, at *2 (D.N.J. May 25, 2017). Here, the Court follows suit, and will award $2,200 in statutory damages, an amount *equal to* the sublicense fees that an establishment of La Formosa Bar's capacity would have been charged [s*ee* Gagliardi Aff. ¶ 8], rather than Plaintiff's request for *double* that amount.

21. As for willful damages, according to Plaintiff, its programming cannot be mistakenly intercepted and affirmative steps would have to be taken to intercept and broadcast the Fight Program. (Gagliardi Aff. ¶¶ 9-11.) Additionally, the Court infers from the fact that Defendants showed the Fight Program at La Formosa, a place of business, that their actions were taken for commercial advantage or pecuniary gain. *See Waldron*, 2013 WL 1007398, at *3 (same); *Old Bailey Corp.*, 2019 WL 4267856, at *4 (same). As such, the Court will exercise its discretion to award additional, or enhanced, damages under 47 U.S.C. § 605(e)(3)(C)(ii).

22. The Court declines, however, to award the $10,000 that Plaintiff has requested. Five factors inform the appropriate amount of an enhanced damages award:

> (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant

9

    advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

23. *Old Bailey*, 2019 WL 4267856, at *4 (citing *Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *4 (D.N.J. Mar. 2, 2017).  Here, as to the first factor, Plaintiff has not pointed to any other unauthorized broadcasts or other violations of Section 605 by Defendants.  As to the second and factor, there is nothing in the record from which the Court can determine whether or how much Defendants profited from showing the Program or how much of actual damages were suffered by Plaintiff.   Finally, as to the third, fourth, and fifth factors, Plaintiff provides no evidence of any cover charge, premiums, or promotional efforts by Defendants.  Under the circumstances, the Court views $4,400 as an appropriate enhanced damages award.  This amount, together with the statutory damages award, results in Defendants' liability for three times the amount of the license fee they failed to pay. *Accord Waldron*, 2013 WL 1007398, at *8 (awarding twice the amount of statutory damages as enhanced damages under similar circumstances); *Old Bailey*, 2019 WL 4267856, at *4 (same).

Attorneys' Fees and Costs

24. Finally, Section 605 mandates an award of costs and attorneys' fees to an aggrieved party.  Specifically, the section states that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).  In accordance with Local Civil Rules 54.1 and 54.2, Plaintiff shall file its motion for costs and attorneys' fees within 30 days of the entry of this Order.

Accordingly, for the reasons set forth herein, and for good cause shown,

  **IT IS** on this 12th day of June, 2020,

10

**ORDERED** that judgment is entered against Defendants, jointly and severally, and in favor of Plaintiff for violations of 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii) in the amounts of $2,200.00 and $4,400.00, respectively (for a total of $6,600), as well as interest, pursuant to 28 U.S.C. § 1961; and

**IT IS FUTHER ORDRED** that Plaintiff is awarded reasonable attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) of an amount to be determined upon separate application within 30 days of the entry of this Order.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge